Case number 21-1133. Patrick Kennedy appellant v. Cmsnr of Internal Revenue. Mr. Scott, I make this carry-on for the appellant. Ms. Aveda for the appellee. Mr. Scott, good morning. Good morning, Your Honor. May it please the Court. My name is Paul Scott. I'm with the Law Office of Paul Scott. My colleague Lonnie Remick and I are representing the Anti-Fraud Coalition in this matter. Formerly known as Taxpayers Against Fraud Education Fund. And first off, I'd just like to thank the Court for allowing me to appear remotely and attend my niece's wedding. You're way out in California, aren't you? Yes. Well, actually, now I'm in Nevada, but I'm from San Francisco. Also, just wanted to note that we're grateful to Mr. Kennedy for ceding his time-trial argument to us. And none of our comments here are intended in any fashion to undermine any of the arguments that Mr. Kennedy may be making as to jurisdiction, including the argument that enforcement is non-discretionary here and could give rise to jurisdiction in this case. Our basic point is that the government has been focusing on the wrong parts of the decision. Just to refresh the Court, the Court in Lee held the following about threshold rejections in particular, which was the issue before the Court in Lee. The Court held that a threshold rejection of Whistleblower's Form 211 is not a negative award determination as there is no determination as to an award under subsections B1 through 3 whatsoever. It also held a threshold rejection of Form 211 by nature means the IRS is not proceeding with an action against the target taxpayer, leaving nothing for the tax court to decide. And notably, the Court compared favorably a tax court decision, Cohen v. Commissioner, which observed that the propriety of non-enforcement decisions are beyond the purview of the tax court. So, essentially, what the Court was dealing with and as Judge Plard noted in her concurrence in Shand, was an appeal of an effort to challenge a non-enforcement decision, discretionary non-enforcement decision, by the service and not an award decision. The Whistleblower, and there was a quote, a reference to the brief filed by the appellant in that case, pointing out that the Whistleblower was arguing the IRS did not adequately consider the evidence and should have proceeded with the action. So, the Court's conclusion in Lee that the tax court did not have jurisdiction made sense. If a Whistleblower's appeal is solely challenging a discretionary non-enforcement decision, well, then they're not appealing an award determination. And this reasoning was sufficient by itself to support the conclusion the tax court lacked jurisdiction or the Whistleblower's appeal in Lee. But the government since Lee has repeatedly focused on an additional line from the decision that was, frankly, unnecessary to the holding. That line, I'm sure, is familiar to the Court. An award determination, I'm quoting, an award determination arises only when the IRS proceeds with any administrative or judicial action based on information brought to the Secretary's attention by the Whistleblower. Mr. Scott? Yes. In light of Lee and Shands, and I guess Lissac as well, what do you think are the merits of the following rule? The following rule, Your Honor? The following rule. I'm going to give you a rule and you can tell me whether you agree with it or disagree and you can tell me why. I think you'll disagree with it, but I would like to know why. So, the rule would be this. There's tax court jurisdiction if a Whistleblower's filing leads the IRS to at least contact a taxpayer. Your Honor, the challenge I would have with that is that the IRS can frequently already be in contact with taxpayers. Corporations are very frequently constantly under audit, and so there can be any number of reasons why there would consistently already be a line of communication between the two. And so, I would find that rule challenging. Would a helpful amendment to the rule be, causes the IRS to make contact that the IRS would not otherwise have made? Well, the contacts can be happening in either event. It's really, I mean, for jurisdictional purposes, that what you're asking about as a rule would really go to the merits of the case as to whether or not the IRS was taking action based on the Whistleblower's information. And our suggestion to the court is that the court should be focused on whether or not, in Lee specifically, the focus was on whether the threshold rejection represented an appeal regarding an award determination. And that should be the focus, not conflating the merits into the jurisdictional question. And I am somewhat sympathetic to that. I'm somewhat sympathetic to the desire to avoid a jurisdictional rule that overlaps too much with the merits inquiry. But on the other hand, I am a little concerned that you could have nothing more than IRS officials talking to other IRS officials all within the IRS building. I know it's not literally one building, but just imagine that it is. All these IRS officials talking to all these other IRS officials, that just doesn't strike me as an administrative proceeding. That strikes me as a bunch of government officials deciding whether to have an administrative proceeding. I appreciate that question, Your Honor. Just as it sort of looks at this as a practical matter, and honestly, that's one of the motivations for why we jumped into this thing. Because when these cases are ongoing, that's precisely what can occur is you provide information in an interview, and then that interview may or may not be the case. And that's something, and therefore assist in or prompt an investigation into a particular issue. And the reality of these cases is that the IRS is uniquely in control of information because of Internal Revenue Code 6103. So if it were possible for there to be sharing of whistleblowers prior to filing suit, then that problem could be avoided because they could just show them the administrative record and say, here's what happened. And whistleblowers would understand whether or not some action was or not taken. Whistleblowers will have a variety of reasons for believing that action was taken in their particular case. And they're very wary of the fact that errors are made. I mean, we cited a take to report that specifically comments on that fact. Anybody who's been in this business know that errors happen all the time. The IRS is severely understaffed, and they're dealing with tens of thousands of these claims. Although I would note only 30 or something of them are in litigation, at least as of the time that we wrote our brief and this report in 22. Mr. Scott, I know sometimes, you know, there's been a lot of discussion about what constitutes an action. But I'm wondering, what about a rule on where jurisdiction would turn on whether there has been some type of proceeds? Right, because the entire statutory provision is about a determination, you know, regarding an award. And there simply can't be an award unless the IRS has recovered some proceeds. Your Honor, that is a question that is at the heart of many whistleblower cases, is whether in fact there have been proceeds from the information provided by the whistleblower. The whistleblower will provide the information to the service. It sort of goes into an investigation into which the whistleblower has limited, you know, visibility. And then you might see in a 10-K that there was a recovery, that the company paid taxes to the IRS, or you might have somebody as an insider has some other indication that there was a recovery. But there's not certainty about that fact. And the IRS merely telling you is not reliable in many instances because they do make mistakes. It is a practical reality of these cases. And that's why, you know, the exercise of filing a lawsuit is a necessary thing because then they provide the administrative record. You can actually check whether or not they did take action, you know, or you can confirm with more certainty whether they took action and or collected proceeds. And the parties are then just in a better position to move forward. And that's why we're trying to point out to the court that for purposes of judicial economy, that that is a more efficient process. Because if the court, if the question of whether or not they were successful in their case, either action was taken or proceeds were collected, then that's going to lead to, you know, litigation right at the onset about jurisdiction. Folks won't have complete information. The IRS has the administrative record. It's protected by 6103. And then so they won't be able to put on a full showing of evidence to establish it with certainty when they file their lawsuit in many instances. And so the IRS will file a motion to dismiss. And then the whistleblower will try and obtain discovery. And there will be litigation over discovery, all of which is a waste of time in those instances, which are, you know, considerable in my personal experience and I'm sure with others, where you file the lawsuit, they give you the administrative record, you get some clarity as to what happened and people will just dismiss the case as they go away. But having to prove these things in the first instance is something that is just going to foster litigation. And it's of course, you know, all of this, I'm sure you've seen in the briefing would be contrary to the admonition in Myers that the merits not be conflated with the jurisdictional question. It's contrary to the legislative history, which says you're to appeal denials be contrary to the IRS own reading of its regs, which said that denials should be appealable. And it would undermine the purpose of the statute, which was to foster whistleblowing, but giving folks an opportunity to challenge mistaken decisions by the IRS. And though there is, I understand some concerns, I would assume about unnecessary litigation. I mean, billions of dollars are being recovered under this program. 6.6 billion was the count in the report that we referenced to the court, and it could be many billions more. It's an incredibly effective means of stopping fraud against the government and deterring people from tax fraud. I think just like a week or two back, 267 million was recovered against a taxpayer for defrauding the government. And that was just one case alone. So having rules that basically constrain jurisdiction beyond what is the plain meaning of the statute, I mean, just following sort of Justice Scalia's admonition, just read the plain words of the statute. It's very broad. It's any determination regarding an award. I think the court should just go back to that simple reading of the statute, limit lead to the facts of that case. All right, Mr. Scott, you're way over your time. We'll give you a couple minutes in reply. Thank you, Your Honor. Ms. Avetta? Thank you, Your Honors. May it please the court. Julia Avetta for the Commissioner. I heard two potential readings of a rule proposed, and I'd like to address those. Judge Rao suggested that a workable rule would require a showing not only that an administrative or judicial action had been taken against a taxpayer, but that proceeds had been recovered. This actually reflects the government's position advanced in LESAC. The court did not favor it in those circumstances because the requirement of proceeds as a jurisdictional prerequisite, I think, was viewed as a bridge too far. In LESAC, there were proceeds. So the court didn't have occasion to decide whether proceeds were a jurisdictional prerequisite. In LESAC, there were proceeds. I read the opinion as a holding rather than as dicta, but I appreciate that perspective as well, and I'm happy to align with that. Proceeds are a part of the same statute as the action, and reading them in conjunction is something that the government was very comfortable doing based as an exercise in statutory interpretation. These are two prongs of the same inquiry and were not distanced by any meaningful language in the statute that might decouple them, and we felt that if one was a jurisdictional prerequisite, the other reasonably could be as well. How should we think of the status of LESAC? LESAC was vacated and remanded based on its application of Chevron, which is no longer in effect. Should we consider ourselves unbound by everything in LESAC or just by the part of that relied on Chevron? Authority in this court does say that when the Supreme Court vacates a judgment without addressing the merits of a holding in the panel opinion, that that holding continues to have precedential weight in the absence of contrary authority, which would indicate that the jurisdictional holding in LESAC is still good law. I think it can be harmonized with Lee, and I think it can be harmonized with Shands, even though Shands specifically did not rely on LESAC, but if the necessary language in LESAC with regard to jurisdiction simply didn't draw a distinction between the administrative action and the recovery of proceeds but said, we don't need to decide that today because proceeds are here of record. We don't need to decide how we would have treated this had there been no proceeds recovered. In LESAC, you'll recall the question was whether proceeds collected during an audit were attributable to information provided by the whistleblower, and in LESAC, the record made clear that it was not. They were different issues in different tax years. Going back though to the GVR in LESAC, I think the rule you read was from how en banc decisions interact with panel decisions, or did I miss that? No, the opinion I cited was United States versus Adewani, 467 F 1340, and it was speaking specifically with respect to when the Supreme Court vacates a judgment of this court, not an en banc. It refers back to a seminal case called Action Alliance of Senior Citizens of Philadelphia versus Sullivan, 930 F 2nd 77, also in this court. I think that the part of an opinion that comes back on a GVR that was not reversed is still the law of the circuit, and I think it is still binding. I guess that could work in this situation because the Supreme Court noted in the GVR that it was a GVR in light of Loeb or Bright. Specifically with respect to the interpretation of the regulation and the application of Chevron. Do you think that there is any benefit to us holding this case and the companion case pending the panel's resolution of LESAC? That's happened already. These cases are a date from 2021 and 22 because they were originally held in abeyance pending the original LESAC decision. I'm not sure what new LESAC would add to the outcomes here because under any standard under which new LESAC would adhere to, the outcomes in these cases would be the same. Here you do not have any administrative action, let alone any proceeds taken, and under LESAC as it stands or under a broader read of LESAC, that Mr. Kennedy in particular, and we'll speak to the successor case in a moment, are disposed effectively under the rule in Lee, which is that administrative proceedings that do not cross the, do not reach the level of an administrative or judicial action are categorically discretionary under Heckler, under the 11th Circuit's interpretation of Heckler in the whistleblower context in Stone, under this court's interpretation in Cohen and Simmons, and those cases say that there is no judicial review of non-prosecution decisions. There's presumptively no judicial review and then the presumption can be rebutted, but has not been here. So here the government's position is that there is jurisdiction over Mr. Kennedy's claims against taxpayer free. That's correct. But there were no proceeds in that. No proceeds were collected. Correct. That taxpayer. So how could there be a determination of an award when there are no proceeds? We read LESAC to draw the line between the two, and if that was a misconstruction of dicta in LESAC, we are happy to amend our position, but that's where it came from. I'm just trying to read the text of the statute with Lee and LESAC and also the recent opinion in Shands, and I do wonder if the best way of reading all of those things together is to require that a whistleblower who's seeking jurisdiction has to show there were some proceeds or has to recover against a taxpayer. That would certainly limit the number of cases that make it through jurisdictional keyhole. That would increase judicial economy to some extent. It would not address amicus's concern about decisions evading scrutiny that may have merit, but we submit that that is not an animating policy behind the statute. The IRS is not presumptively untrustworthy in the compilation of these administrative records, and the IRS has every motivation to collection of proceeds. So where would, if a whistleblower was trying to determine whether proceeds were collected, is that something that's readily available to find that information? The information that a whistleblower receives at the completion of the claim process will indicate to that whistleblower whether proceeds were collected as a result of that whistleblower's Beyond that particular matching, it's a difficult question to answer because, as amicus noted, there are often enormous Fortune 500 taxpayers under continuing audit, and there will be proceeds that are continuously collected on issues unrelated to the whistleblower's information, or possibly even somewhat related to the whistleblower's information, but to which the whistleblower did not substantially contribute. And in those circumstances, we rely on the interplay between the whistleblower office and the operating division conducting the administrative or judicial action to report back and be clear and make an administrative record of what proceeds are based on the whistleblower's information. So I guess I take Lisa to mean at least that if a whistleblower, you know, submits information and is aware that some proceeds were collected from that taxpayer, then they could have jurisdiction to show whether those proceeds were collected based on the whistleblower's information, and then there would be jurisdiction for a court to review that. We agree with that rating of LISAC. That sounds fair. And that portion of the opinion would survive the GVR as well. But as I noted before, would not require any further stay or abeyance of either this case or the one immediately to follow, because in both of those cases, there was no action taken almost uniformly, as Your Honor notes. There was one exam of one taxpayer on the Kennedy claim, the Kennedy whistleblower submission, but no proceeds were recovered there. Thank you. All right, Mr. Scott, why don't you take two minutes? Thank you, Your Honor. I just wanted to follow on the last discussion. The question was posed whether the whistleblower should at least have to allege that action was taken and proceeds were collected, and that is not, I think, in general a something to which we would object. The problem arises when the whistleblower is obliged to establish it, to prove it before a jurisdiction of the court is established. And that's where the paucity of information filed by the whistleblower puts them at a disadvantage where they would not be able to, in many instances, meet that standard. And it's part of the reason why you see the authority that we've cited in our brief requiring that the court give credence to allegations of jurisdiction in order to, and give the benefit of the doubt to, whistleblowers in such cases in deciding whether it has jurisdiction. There are also circumstances, I might add, as the court had in via RSA, where it's not just a question of whether or not there's a recovery in the case. There can be, the court can take jurisdiction to look at the question of whether or not the whistleblower office's award determination adequately explained their basis for declining to give an award. And so, there can be other circumstances beyond just, you know, whether or not the case, the government pursued the case, and whether there were collected proceeds. Again, we just encourage the court to avoid the morass of intertwining the merits with the jurisdictional question. There is a long history of avoiding that kind of a combination. As the court noted in Myers, it should be, you know, sort of highly clear, there should be high clarity before the court does that, and that's not the case here. All right, thank you.
judges: Henderson; Rao; Walker